IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2022 FEB 25 P 3: 23

CLERK M. arris
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CR 120-098 |
| CURTAVIOUS BONNER | * |

ORDER

On October 4, 2021, Defendant Curtavious Bonner was sentenced to serve 48 months in prison, followed by three years of supervised release upon his guilty plea to possession of a firearm by a prohibited person. Defendant was represented at all times by his court-appointed attorney, Grant K. Usry, Esq. Defendant did not appeal his conviction and sentence.

At present, Defendant has filed a pro se motion to receive a copy of the following documents: the docket sheet, the plea agreement, the Judgment and Commitment Order, the court minutes, and the sentencing transcript. The Court assumes Defendant wants these items without charge.

An indigent defendant does not have an absolute constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding. Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where

the transcript is valuable to the defense and no functional alternatives exist."); see also United States v. MacCollom, 426 U.S. 317 (1976). Rather, to obtain a free transcript a defendant must show that the transcript is necessary to decide an issue presented by suit or appeal. See 28 U.S.C. § 753(f) (A defendant may receive a free transcript only if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."); see also United States v. Mitchell, 2008 WL 824226 (M.D. Fla. Mar. 26, 2008) (stating that a criminal defendant is "not statutorily authorized, as a matter of course, to receive a copy of . . . documents free of charge post-appeal"). A defendant does not have the right to a free transcript simply to search for possible error. Colbert v. Beto, 439 F.2d 1130 (5th Cir. 1971).[1]

Here, Defendant does not have a pending action and thus, he is not eligible for free documents. Moreover, Defendant provides no *specific* reason for obtaining the documents. Accordingly, his motion to receive a copy of the requested material (doc. no. 36) is **DENIED**.[2]

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[2] If Defendant wishes to pay for a transcript, he should send payment to and make arrangements with the court reporter. Likewise, Defendant may pay for any court documents by sending a

2

**ORDER ENTERED** at Augusta, Georgia, this 25th day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

letter to the Clerk's office asking for the cost of each requested document.